IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| WOLF TRAIL MEDICAL PARTNERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:10-cv-02880 |
| | ) | |
| ACUITY, A MUTUAL INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

_____

**COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES**
_____

**COMES NOW** Plaintiff, Wolf Trail Medical Partners, by and through its counsel, and for its causes of action, states:

### THE PARTIES

1. Wolf Trail Medical Partners is a Tennessee business, with its principal place of business at 7800 Wolf Trail Cove, Germantown, TN 38138.

2. Upon information and belief, Acuity, A Mutual Insurance Company ("Acuity") is a Wisconsin corporation, with its principal place of business at 2800 S. Taylor Drive, Sheboygan, Wisconsin 53081.

3. Acuity may be served through its registered agent for service of process, James J. Loiacono, Acuity, A Mutual Insurance Company, 2800 S. Taylor Dr., Sheboygan, WI 53081.

**JURISDICTION AND VENUE**

4. Plaintiff brings this Complaint, in part, under 28 U.S.C. §2201-2202 for a declaration that Defendant is obligated under an insurance policy issued to Plaintiff to provide coverage for certain losses.

5. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 insomuch that diversity of citizenship exists as between Plaintiff and Defendant and the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

6. This Court has personal jurisdiction over Defendant because it did business with Plaintiff in this jurisdiction, including but not limited to, issuing insurance policies in this jurisdiction which provided coverage for property located in Shelby County, Tennessee.

7. Venue is proper under 28 U.S.C. §1391 and venue is also appropriate because the insurance policy which is the subject matter hereof was issued in this judicial district, the policy provides coverage for property located in this judicial district, and the events and omissions giving rise to this claim occurred in this judicial district.

**FACTS**

8. For the period of 12:01 A.M., October 11, 2009, to 12:01 A.M., October 11, 2010, Acuity provided Wolf Trial Medical Partners insurance coverage under Policy No. L29163 (the "Policy). (A copy of the Policy is attached hereto as Exhibit A). This policy was in full force and effect at all times pertinent to this action.

9. Wolf Trail Medical Partners has paid the premiums for the Policy.

10. The Policy provides, among other types of coverage, coverage for Covered Property.

11. Pursuant to the Policy "Property Coverages" Section, Covered Property includes the buildings and structures identified in the Declarations page, which are located at 7800 Wolf Trail Cove, Germantown, Tennessee and 7796 Wolf Trail Cove, Germantown, Tennessee ("Premises").

12. For the Premises located at 7800 Wolf Trail Cove, Germantown, Tennessee, the Policy provides property coverage in the amount of full replacement cost, without limitation.

13. For the Premises located at 7796 Wolf Trail Cove, Germantown, Tennessee, the Policy provides property coverage in the amount of replacement cost, limited to $1,484,000.00.

14. The Policy includes the following insuring language: "We will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."

15. "Covered Cause of Loss" is defined under the Policy as follows: "Risks of Direct Physical Loss unless the loss is: (a) Excluded in Property Exclusions; or (b) Limited in paragraph 4, Limitations; that follow."

16. From May to July 2010, Wolf Trail Medical Partners notified Acuity of numerous damages to the buildings and structures located at the Premises, 7800 Wolf Trail Cove and 7796 Wolf Trail Cove.

17. The estimated replacement cost of the Premises due to covered property damage is in excess of $75,000.00.

18. The damages to the Premises are covered under the Policy's (1) general Property Coverages Section and (2) Additional Coverages section, namely the collapse and water damage coverage sections.

19. No Policy exclusion or limitation or any other type of defense against coverage applies.

20. Acuity has failed and/or refused to provide coverage as required by the Policy.

21. Acuity denied the claim under the "Property Exclusions" Section of the Policy citing several provisions which it claims are applicable. A review of the Policy establishes that none of the exclusions and limitations in the Policy apply to Plaintiff's claim.

22. Specifically, Acuity denied the claim under the "Property Exclusions" Section, ¶1.b.(4) Earth Movement. This Section bars coverage for a number of natural events, including earthquakes, landslides, earth sinking and volcanic eruption, none of which are pertinent to the claim made by Plaintiff.

23. Acuity also denied the claim under the "Property Exclusions" Section, ¶1.g.(4) Water. That section only prohibits coverage for "Water under the ground surface pressing on, or flowing or seeping through . . . Foundations, walls, floors or paved surfaces." This exclusion does not apply since the damage to the Premises did not result from water seeping through or pressing on the foundation itself or the walls of the covered property.

24. Acuity also denied the claim under the "Property Exclusions" Section, ¶(2)(l) Other Types of Loss provision, subsection (4). However, the damages to the buildings qualify as a "specified cause of loss" under this section of the Policy.

25. Finally, Acuity denied the claim under the "Property Exclusions" Section, ¶(3)(c) the Negligent Work exclusion. However, this section of the Policy does not bar coverage for Plaintiff's claim.

26. Pursuant to the Policy, Plaintiff obtained additional coverage, which is found in the Additional Coverage Sections, for damage to the Covered Property for, *intre alia*, collapse and water damage.

27. Acuity has ignored the Additional Coverage Sections which provide coverage for losses excluded under the general "Property Exclusions" Section. In spite of Plaintiff's claim that its loss is not excluded under the general "Property Exclusions" Section and is covered under the Additional Coverage Section, Defendant has refused to provide coverage.

28. In additional to coverage for the property damage, the Policy also provides coverage for the actual loss of Business Income sustained by Plaintiff. Defendant has likewise denied this claim.

## CAUSES OF ACTION
### I. DECLARATORY JUDGMENT

29. Wolf Trail Medical Partners ("Wolf Trail") incorporates by reference and re-alleges Paragraphs 1-28 of this Complaint.

30. The Policy provides coverage for property damage which occurs to the buildings and structures located at the Premises.

31. Wolf Trail gave timely notice to Acuity of property damage to the Premises.

32. Acuity is obligated under the Policy to provide coverage for the property damage.

33. Pursuant to 28 U.S.C. §2201-2202 *et. seq.* and Tennessee Code Annotated §29-14-101 *et. seq.*, Wolf Trail asks the Court to declare that Acuity owes coverage for the property damage to the Premises in the amounts prayed for herein.

## II.  BREACH OF CONTRACT

34.  Wolf Trail incorporates by reference and re-alleges Paragraphs 1-33 of this Complaint.

35.  Acuity is obligated under the Policy to pay Wolf Trail the full cost of replacement for the damage to 7800 Wolf Trail Cove, Germantown, Tennessee, and the cost of replacement up to $1,484,000.00 for the damage to 7796 Wolf Trail Cove, Germantown, Tennessee.  Acuity's refusal to do so is a breach of the insurance contract, and that breach has proximately resulted in damages to Wolf Trail and will proximately result in additional damages all in an amount to be proven at trial.

## III.  BREACH OF DUTY OF GOOD FAITH

36.  Wolf Trail incorporates by reference and re-alleges Paragraphs 1-35 of this Complaint.

37.  Acuity owes a duty of utmost good faith to Wolf Trail in its performance under the Policy.

38.  Acuity has breached its duty by refusing to honor its obligation under the Policy, by its inexcusable delay in providing Wolf Trail coverage, and its actions in attempting to avoid its obligations under the Policy.

39.  Acuity's breach of its duty of good faith has caused damage to Wolf Trail in an amount to be proven at trial.

## IV.  VIOLATION OF T.C.A. §56-7-105

40.  Wolf Trail incorporates by reference and re-alleges Paragraphs 1-39 of this Complaint.

41. Acuity's failure and bad faith refusal to honor its obligation under the Policy is in violation of Tennessee Code Annotated §56-7-105 (2010).  Wolf Trail has made the demand of Acuity for coverage citing T.C.A. §56-7-105.  Acuity's failure to provide coverage is not in good faith, and Wolf Trail is entitled to a 25% additional recovery, and its attorneys' fees, as provided in T.C.A. §56-7-105.

42. Wolf Trail will prove the precise amount of its claim at trial and seek its attorneys' fees and a 25% additional recovery based upon that claim amount.

**WHEREFORE**, Plaintiff prays that this Court:

1. Enter a declaratory judgment that Defendant Acuity, A Insurance Company is required to provide coverage under the Policy for all damage occurring on the Premises;

2. Award Plaintiff compensatory damages for breach of contract as may be proven at trial against Defendant, damages which at present are no less than $75,000.00;

3. Award Plaintiff compensatory damages for breach of duty of good faith as may be proven at trial against Defendant, damages which at present are no less than $75,000.00;

4. Award to Plaintiff its costs, attorneys fees, and expenses incurred in this action;

5. Award to Plaintiff the 25% not in good faith penalty; and

6. Provide Plaintiff with such further relief as the Court may deem appropriate.

Respectfully submitted,
**FARRIS BOBANGO BRANAN PLC**

By: _s/Richard D. Bennett_
Richard D. Bennett (#13156)
Allison Kay Moody (#25582)
999 S. Shady Grove Rd., Suite 500
Memphis, TN 38120
(901) 259-7100
rbennett@farris-law.com
amoody@farris-law.com
*Attorneys for Plaintiff*

8.